

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

XAVIER DUPERVIL )
    Plaintiff, )
)
v. ) Case No. **1:23-cv-07906**
)
EXPERIAN INFORMATION SOLUTIONS )
INC, EQUIFAX INFORMATION ) **KOVNER,J**
SERVICES LLC, and TRANS UNION LLC )
    Defendants. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Xavier Dupervil as and for his Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages, and costs against Defendants Experian Information Solutions Inc. ("Experian"), Equifax Information Services LLC ("Equifax") and Trans Union LLC ("Trans Union") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in the city of Brooklyn, Kings County, New York and the conduct complained of occurred in Brooklyn, Kings County, New York.

RECEIVED OCT 24 2023 PRO SE OFFICE

1

## III. PARTIES

3. Plaintiff is a natural person residing in Brooklyn, New York.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the state of New York with its registered agent as follows: CT Corporation System, 28 Liberty Street, New York, NY 10005.

6. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the state of New York with its registered agent as follows: Corporation Service Company, 80 State Street, Albany, NY 12207.

7. Upon information and belief, Defendant Trans Union is an Illinois corporation duly authorized and qualified to do business in the state of New York with its registered agent as follows: The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, NY 12207.

8. Upon information and belief, Defendants Experian, Equifax and Trans Union are consumer reporting agencies (CRAs) and disburse consumer reports to third parties under contract for monetary compensation.

## IV. FACTS OF THE COMPLAINT

9. On or about September 1, 2023, Plaintiff obtained a copy of his consumer report and discovered incomplete, inaccurate, false information furnished by Defendants as follows:

(a) Defendants Experian and Trans Union reported inquiries on Plaintiff's consumer report by Sync/Verizon.

(b) Defendant Equifax reported inquiries on Plaintiff's consumer report by Comenity Capital/Petcom and Citizens Bank.

10. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b). When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

11. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

12. Pursuant to the FCRA, a consumer reporting agency is prohibited from furnishing a consumer report to a person who lacks a permissible purpose. The permissible purposes allowed by the FCRA are set forth in 15 U.S.C. § 1681b.

13. Plaintiff has never had any business dealings with, or sought credit from, Sync/Verizon, Comenity Capital/Petcom or Citizens Bank and Plaintiff has never given written consent to obtain his consumer report.

14. Plaintiff sent written disputes to Defendants Experian, Equifax and Trans Union disputing the completeness and/or accuracy of the aforementioned inquiries at issue, specifically that no permissible purpose exists.

15. Upon information and belief, Defendants Experian, Equifax and Trans Union sent a dispute to the furnishers of the information providing all relevant disputed information.

16. On or about October 3, 2023 Defendant Equifax verified the disputed information as accurate in its reinvestigation results to Plaintiff.

17. On or about October 22, 2023, Plaintiff noticed that despite his disputes, the alleged inquiries were still being reported inaccurately on his consumer report.

## V. FIRST CLAIM FOR RELIEF
## U.S.C. § 1681e(b)
### Defendants Experian, Equifax and Trans Union

18. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

19. Defendants have violated 15 U.S.C. §1681e(b) by continuing to report the erroneous information in Plaintiff's credit profile thereby failing to maintain reasonable procedures in operations designed to assure maximum possible accuracy in the credit reports published.

20. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

21. Defendants have done so either negligently or willfully.

22. Plaintiff is entitled to actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n.

23. Alternatively, Plaintiff is entitled to actual damage and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### Defendants Experian, Equifax and Trans Union

24. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

25. Defendants have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

26. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

27. Defendants have done so either negligently or willfully.

28. Plaintiff is entitled to actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

29. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### Defendants Experian, Equifax and Trans Union

30. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

31. Defendants have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

32. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

33. Defendants have done so either negligently or willfully.

34. Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

35. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(5)
### Defendants Experian, Equifax and Trans Union

36. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

37. Defendants have violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

38. Defendants have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

39. Defendants have done so either negligently or willfully.

40. Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

41. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)
## Defendants Experian, Equifax and Trans Union

42. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

43. Defendants have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

44. Defendants have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

45. Defendants have done so either negligently or willfully.

46. Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

47. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendants for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Costs pursuant to 15 USC § 1681n(a)(3);

D. For such other and further relief as the Court may deem just and proper.

Dated: October 24, 2023

Respectfully submitted,

By: *s/ Xavier Dupervil*
Xavier Dupervil
1175 Bedford Ave. Apt 3
Brooklyn, New York 11216
xavier.dupervil@yahoo.com
*Pro Se*